**Blaise J. ERNST**

v.

**JESSE L. RIDDLE, P.C.
and Jesse L. Riddle.**

Civil Action No. 96–279–A.

United States District Court,
M.D. Louisiana.

Feb. 25, 1997.

Garth Jonathan Ridge, Baton Rouge, LA, for Plaintiff.

David Clayton Sander, Preis & Laborde, Baton Rouge, LA, for Defendants.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

This matter is before the court on motions of defendants, Jesse L. Riddle, individually (hereinafter "Riddle") and Jesse L. Riddle, P.C. (hereinafter "Riddle P.C."). Pending before the court are the following motions filed by both defendants: 1) a motion to dismiss for failure to state a claim upon which relief can be granted, 2) a motion for a protective order, and 3) a motion for reconsideration of an order granting plaintiff's motion to file supplemental authority or, alternatively, motion to strike. Also before the court are the following motions filed by Riddle, individually: 1) a motion to dismiss for lack of personal jurisdiction, and 2) a motion to dismiss for failure to state a claim upon

which relief can be granted. Plaintiff, Blaise J. Ernst opposes all motions. Federal question jurisdiction is allegedly based on 15 U.S.C. § 1692k.

**Facts**

Plaintiff alleges that on or about April 4, 1995, defendants mailed or caused to be mailed a letter to plaintiff demanding payment for a personal check in the amount of $8.14 plus penalties. The plaintiff's bank had returned the personal check to Circle K as unpaid because plaintiff's account lacked sufficient funds to cover the amount of the check.

Plaintiff alleges that the defendants' letter violates provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"). More specifically, plaintiff's amended complaint alleges that the letter contains numerous false, deceptive, and misleading statements, including misrepresenting the amount of the alleged debt, contradicting, overshadowing, and evading the validation notice under the FDCPA, and falsely threatening litigation.

**I. Motion to dismiss for failure to state a claim upon which relief can be granted filed by Riddle and Riddle P.C.**

Defendants argue that plaintiff has failed to state a claim upon which relief can be granted because a dishonored check is not a "debt" under the FDCPA. The court may not grant defendants' motion to dismiss for failure to state a claim unless it is clear that the plaintiff can prove no set of facts consistent with the allegations of his complaint which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). It is well established that the court must accept the factual averments as true, and view them in the light most favorable to the plaintiff. *Rankin v. City of Wichita Falls, Tex.*, 762 F.2d 444 (5th Cir.1985). As in all cases, the court must first resort to the plain language of the statute in deciding whether the plaintiff has failed to state a claim under the FDCPA.

■ Congress created the FDCPA to protect consumers from unfair, deceptive, and harassing debt collection practices. 15 U.S.C. § 1692. The restraints imposed on the activities of debt collectors extends only to the collection of debt. The FDCPA defines debt as follows:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5).

Defendants argue that in order to state a claim upon which relief can be granted under the FDCPA, plaintiff must allege that the "debt" giving rise to the cause of action was an offer or extension of credit. Defendants contend that a payment with a check in itself is not an extension of credit, and for plaintiff to state a claim, plaintiff must prove that when plaintiff wrote the check that she and Circle K had an agreement or contract to defer payment. The court finds that the statutory language of the FDCPA does not support defendants' position.

■ The first requisite element of debt under the FDCPA is the existence of an obligation. Accepting the allegations of the complaint as true, the transaction between plaintiff and Circle K created an obligation in its simplest form.[1] The Circle K store offered to sell goods for the prices stated and plaintiff accepted the offer by selecting the goods and taking them to the cashier.[2] At that point plaintiff incurs the obligation to pay money. Plaintiff's tender of the check does not eliminate this obligation. The statutory language does not in any way hint that the method in which the obligation is incurred is determinative or even relevant to the creation of an obligation.

■ Not all obligations meet the definition of debt under the FDCPA. Another requi-

---

1. First semester obligations ("contracts" to common law lawyers).

2. The transaction occurred in Louisiana and under that law a sale is complete when there is consent as to the thing and the price. La. Civ. Code arts. 2439, 2456.

site element of a debt under the FDCPA is that the obligation arise out of a transaction in which the property is primarily for personal, family, or household purposes. Because the court must accept as true for purposes of this motion plaintiff's factual averments that the property received from Circle K was for such purposes, this element is satisfied.

The transaction between plaintiff, a consumer, and Circle K satisfies the definition of debt. Defendants' motion to dismiss for failure to state a claim is denied along with defendants' other two motions pertinent to this issue: defendants' motion for a protective order and motion for reconsideration of an order granting plaintiff's motion to file supplemental authority or, alternatively, motion to strike.

## II. Motion to dismiss for failure to state a claim upon which relief can be granted filed by Riddle, individually.

The FDCPA prohibits "debt collectors" from making false or misleading representations and from engaging in various abusive and unfair practices. The FDCPA's definition of the term "debt collector" includes a person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Neither party disputes that plaintiff has stated a claim against Jesse L. Riddle, P.C., a debt collector under the act.

■ Plaintiff asserts that Riddle is also liable individually as a debt collector under the FDCPA. Riddle argues, however, that because the letter, which forms the basis of this action, only refers to Jesse L. Riddle, P.C., a corporation, and neither bears Riddle's signature nor refers to Riddle in his individual capacity, Riddle cannot be individually liable under the FDCPA. Because no language in the FDCPA would suggest that Congress intended the act to supplant state corporate law which generally limits the liability of a corporation's shareholders, offi-

cers, and directors, the court must look to state law to determine if Riddle can be personally liable for the actions he took on behalf of Jesse L. Riddle, P.C.

■ Plaintiff contends that "if plaintiff can prove that Riddle was responsible for production of the letter in question, then Riddle can be liable to the plaintiff under the FDCPA." Because the allegations of the amended complaint upon which plaintiff relies do not support a finding that the corporate veil should be pierced in this particular case, the court must recognize the corporate form of Riddle, P.C and the corollary rule that officers, employees and agents owe no duties to third parties and cannot be found liable to third parties for their actions and omissions performed within the scope of their authority on behalf of a corporation.

## III. Motion to dismiss for lack of personal jurisdiction.

■ Defendant, Riddle, individually filed a motion to dismiss for lack of personal jurisdiction. Federal Rules of Civil Procedure 4 authorizes personal jurisdiction in federal question cases. Rule 4(k)(1)(A) provides that "[s]ervice of summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."

Defendant, Riddle is a nonresident.[3] This court, therefore, may exercise jurisdiction over Riddle only if the exercise of jurisdiction is permitted by Louisiana's long arm statute, R.S. 13:3201 and the federal due process clause. Because the Louisiana long arm statute has been construed to extend jurisdiction coextensively with the limits of "due process," the first inquiry collapses into the second. *St. Martin & Mahoney v. Patton,* 863 F.Supp. 311, 314 (E.D.La.1994).

A court may exercise two types of jurisdiction under the Louisiana long arm statute and the federal due process clause: specific jurisdiction and general jurisdiction. Neither type is appropriate in this case.

3. According to Riddle, he is a resident of Utah. See Exhibit A, affidavit of Riddle attached with

motion to dismiss for lack of personal jurisdiction.

Based on an uncontested affidavit of Riddle,[4] general jurisdiction is not proper in this case. According to the affidavit, Riddle has appeared personally in Louisiana only one time in the last five years to attend a funeral. To the extent that he has had any other contacts with Louisiana, they were made solely as a representative of Jesse L. Riddle, P.C. Indeed, this limited appearance would not rise to the level of systematic and continuous contacts necessary for general jurisdiction.

Specific jurisdiction is also not appropriate in this case. For specific jurisdiction to exist, the plaintiff's cause of action needs to arise out of or directly relate to any purposeful contacts with the State of Louisiana. The contact which gives rise to the plaintiff's cause of action in the instant action was the letter sent from defendant, Jesse L. Riddle, P.C. in Utah to the plaintiff in Louisiana. Because Riddle's alleged involvement with the letter was carried out on behalf of the Riddle, P.C., the letter cannot form the basis for specific jurisdiction over Riddle personally.

Accordingly, defendant Riddle's motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted is hereby GRANTED.

For the reasons set forth above, defendants' motion to dismiss for failure to state a claim is hereby DENIED. Also denied are defendants' motions for protective order and reconsideration of the court's order granting plaintiff's motion to file supplemental authority.

---

4. Exhibit A, defendant Riddle's motion to dismiss   for lack of personal jurisdiction.