**Patricia PIKES, Plaintiff,**

v.

**Jesse L. RIDDLE; Riddle & Associates, P.C.; and Northwest Collectors, Inc., Defendants.**

**No. 98 C 568.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 12, 1998.

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, James Stuart Harkness, Edelman & Combs, Chicago, IL, for plaintiff.

David M. Schultz and Matthew R. Henderson, Hinshaw & Culbertson, Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff has named Jesse L. Riddle (Riddle) as a defendant in this Fair Debt Collection Practices Act (FDCPA). She alleges that he is the sole equity owner and officer of Riddle & Associates, has complete control over its policies and practices, and approved the form of the collection letter she claims violates FDCPA. He is, she alleges, a debt collector within the meaning of the Act because his principal activity, conducted through Riddle & Associates and another firm, is the collection of debts through the mails and other instrumentalities of interstate commerce, and he regularly attempts, directly or indirectly, to collect debts alleged to be owned or due another and entered into for non-business purposes.

Riddle has moved to dismiss. He claims that his personal involvement is not alleged, that the collection efforts as evidenced by the collection letter are solely those of Riddle & Associates and that we should look to Illinois law to determine the liability of corporate officers, and that Illinois law does not extend liability to corporate officers for corporate business torts. In addition, he claims that he can be liable only if plaintiff can pierce the corporate veil and she alleges no reasons for doing so.

■ Those arguments mix up together a number of concepts, but they do not lead to the conclusion defendant wants. The complaint clearly alleges Riddle's personal involvement. Plaintiff does not claim he could be liable if he was not personally involved, or that his mere status as a corporate officer is enough. Under Illinois law a corporate officer who is personally involved generally is not liable for a corporate business tort so long as he was acting to further the corporation's interests rath-

er than his own. *Medina v. Spotnail, Inc.,* 591 F.Supp. 190 (N.D.Ill.1984). Defendant is quite correct—plaintiff does not allege anything that would justify piercing the corporate veil, and she disclaims any intention of doing so.

But most of that begs the question. The issue is whether an individual personally involved in the debt collection practices of his corporation is within the meaning of "debt collector" as defined in the statute. "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The plain language strongly supports an affirmative answer, as *Newman v. Checkrite California, Inc.,* 912 F.Supp. 1354, 1372 (E.D.Cal.1995) indicates, and as we assumed in *Brujis v. Shaw,* 876 F.Supp. 975 (N.D.Ill.1995). *Perovich v. Humphrey,* 1997 WL 674975 (N.D.Ill.), upon which Riddle heavily relies, is not to the contrary. There the court indicated that personal involvement equated with personal liability but thought the allegations were consistent with vicarious liability and not sufficient to raise a personal involvement claim. Personal involvement has been the touchstone of liability in other cases, *e.g., Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1336–1337 (Utah 1997). Indeed, the only case, so far as we have determined, that supports defendant's position, is *Ernst v. Jesse L. Riddle, P.C.,* 964 F.Supp. 213 (M.D.La.1997), where the court looked to state law to interpret "debt collector." Federal statutes sometimes do look to state law. The Federal Tort Claims Act does so, for example, since that puts the government on a par with other alleged tortfeasors in a given state. Here, however, no reason for anything but a national definition presents itself, it is highly unlikely that Congress wished to restrict liability to the often

small corporate vehicle used for collection, and the statutory language clearly brings all those personally involved within the ambit of "debt collector." The motion to dismiss is denied.