**Harry W. BRINK, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**FIRST CREDIT RESOURCES, Defendant.**

No. Civ–97–1261–PHX–ROS.

United States District Court, D. Arizona.

July 12, 1999.

850

behalf of himself and all others similarly situated, plaintiff.

Robert E Boyle, Robert E Boyle & Associates PA, Bloomington, MN, for First Credit Resources, defendant.

## ORDER

SILVER, District Judge.

On October 21, 1998, Plaintiff filed a Motion for Leave to File an Amended Complaint. Defendant filed a timely motion in opposition. For the following reasons, Plaintiff's Motion will be granted.

### FACTUAL BACKGROUND

Plaintiff Harry W. Brink commenced this action on June 12, 1997 in response to a letter, (attached to Compl. as Ex. A), Plaintiff received from Defendant First Credit Resources International, Inc. ("First Credit"). (Compl.¶ 6.) Plaintiff alleges that by sending this letter First Credit violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by attempting to collect on a time-barred debt. (Compl.¶ 8.)

Plaintiff has filed a Motion for Leave to File an Amended Complaint pursuant to Fed.R.Civ.P. 15. He seeks to correct the name of Defendant from "First Credit Resources" to "First Credit Resources International, Inc." (Am.Compl.¶¶ 1, 4.) Plaintiff also seeks to add Dr. M. Reza Fayazi and Ms. Laura Merkwan, the president and vice president of First Credit, as defendants.[1] First Credit does not oppose the correction of Defendant's name in the Amended Complaint. Therefore, leave to amend the name of Defendant First Credit will be granted. However, First Credit opposes the addition of Fayazi and Merkwan as defendants.[2]

Michael Carey Shaw, Law Offices of Bybee & Shaw, Tempe, AZ, Floyd Bybee, Bybee & Shaw, Tempe, AZ, O. Randolph Bragg, Horwitz, Horwitz & Associates, Ltd., Chicago, IL, for Harry W Brink, on

1. In the instant Motion, Plaintiff also seeks to increase the class to all persons in the United States who received a letter attached to the Complaint as Exhibit A. (Am.Compl.¶¶ 1, 21.). Plaintiff's request and First Credit's opposition to the increase in class size have been fully addressed by this Court's Order entered February 12, 1999, in which the Court certified a class consisting of persons in Arizona who received the letter.

2. First Credit indicates that its Memorandum of Law in Opposition to Plaintiff's Motion is joined in by Fayazi and Merkwan. The Court notes that Fayazi and Merkwan were not parties for the purposes of joining in motions at that time.

## DISCUSSION

Fed.R.Civ.P. 15 governs the amendment of pleadings. The Rule states that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The factors considered in determining whether a motion for leave to amend should be granted are undue delay, bad faith, prejudice to the opposing party, whether the party has previously amended his pleadings, and futility of amendment. *Bonin v. Calderon* 59 F.3d 815 (9th Cir.1995), *cert. denied,* 516 U.S. 1051, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). First Credit argues that the amendment is futile because the claims against the proposed new defendants are time-barred, the Court lacks jurisdiction over them, and they cannot be "debt collectors" under the statute.

## I. Should the Motion for Leave to Amend be denied because the claims against the proposed new defendants are time-barred?

Plaintiff seeks to add allegations that Fayazi and Merkwan violated provisions of the FDCPA by approving, authorizing, or participating in sending the alleged collection letter at issue. An action pursuant to the FDCPA must be brought within one year of the date on which the violation occurred. 15 U.S.C. § 1692k(d). For purposes of collection letters, the date of violation is the date the letter is mailed. *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir.1997) (citing *Mattson v. U.S. West Communications,* 967 F.2d 259, 261 (8th Cir.1992)). The date the letter is mailed is the last opportunity for the author to comply with the FDCPA and is "fixed by objective and visible standards." *Id.*

### A. Is the Time Limitation in the FDCPA a Statute of Repose?

There is no dispute that the letter Plaintiff received was mailed April 29, 1997.

Plaintiff filed the Motion for Leave to Amend in October of 1998, more than one year after this mailing date. Thus, the Amended Complaint is timely only if the claims against the new defendants relate back to the original complaint pursuant to Fed.R.Civ.P. 15(c).

First Credit argues that the one-year limit on maintaining an action pursuant to the FDCPA is a statute of repose rather than a statute of limitations, and thus the relation back provision does not apply. For support, First Credit cites *Resolution Trust Corp. v. Olson,* 768 F.Supp. 283 (D.Ariz.1991). In *Resolution Trust,* a conservator for a savings and loan association attempted to collect from the guarantor of a loan for the amount of the loan still owed after the sale of the underlying property. The applicable statute in *Resolution Trust,* A.R.S. § 33–814(D), however, is substantially different from the FDCPA in two important ways. First, A.R.S. § 33–814(D) creates a substantive right, providing, in part, "if no action is maintained for a deficiency judgment within the time period prescribed . . . the proceeds of the sale are deemed to be in full satisfaction of the obligation and no right to recover a deficiency in any action shall exist." *Id.* at 284. In other words, the statute expressly gives the guarantor a right of repose after the three month period prescribed. A.R.S. § 33–814(A), (B). This time period defines the rights of the parties, so the statute is more substantive than procedural in nature. *Id.* at 285. In contrast, the FDCPA provides "[a]n action to enforce any liability . . . may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The language of the FDCPA merely limits the time in which a plaintiff may seek enforcement; it does not create a right in the purported violator. Because the FDCPA's limit is procedural rather than substantive in nature, it is a statute of limitation.

The second difference is that the applicable statute in *Resolution Trust* is a state

statute creating a substantive right which cannot be "abridge [d]" by a Federal Rule of Civil Procedure. 28 U.S.C. § 2072 (Rules Enabling Act). Because the FDCPA is a federal statute, applying Fed. R.Civ.P. 15 in the instant case does not abridge a state substantive right, and thus the relation back provision of Rule 15(c) may be applied.

## B. Do the Claims Relate Back?

Alternatively, First Credit argues that, even if Rule 15 is applicable, Plaintiff's amendment is futile because the claims do not relate back to the date of the original Complaint. Fed R.Civ.P. 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when . . .
>
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if . . . , within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
> >
> > > (A) has received such notice of the institution of action that the party will not be prejudiced in maintaining a defense on the merits, and
> > >
> > > (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

First Credit asserts that the claims against Fayazi and Merkwan do not relate back due to failure of the conditions imposed by Rule 15(c)(3)(A) and (B), notice and mistake. The party seeking amendment must satisfy the requirements of Rule 15(c). *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir.1989). The requirements for changing parties in the complaint are more stringent than those imposed for changing or adding claims. Compare Fed.R.Civ.P. 15(c)(2) with Fed.R.Civ.P. 15(c)(3). *See also Martell*, 872 F.2d at 324.

### 1. Notice

In order for an amendment seeking to add or substitute parties to relate back, the new party must have received notice of the institution of the action within 120 days of the filing of the original complaint. Fed.R.Civ.P. 4(m), 15(c). The purpose of requiring notice is to prevent the new parties from suffering prejudice in maintaining a defense on the merits. Fed.R.Civ.P. 15(c)(3)(A). The Ninth Circuit has provided guidance about what constitutes sufficient notice for purposes of Rule 15. Notice need not be formal, i.e., service of summons and complaint, but it must be sufficient to both provide actual notice of the institution of the action and avoid prejudice to defendants. *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1401 (9th Cir.1984) (citing *Craig v. United States*, 413 F.2d 854, 857–8 (9th Cir.), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969) (*Craig I* )).

To satisfy the first of these two requirements, actual notice, Plaintiff needs to have given Fayazi and Merkwan notice of the institution of the action within 120 days after the Complaint was filed. Fed. R.Civ.P. 15(c)(3). In *Craig I*, 413 F.2d at 857–8, the plaintiff was denied leave to amend when the proposed new defendant had knowledge of the incident giving rise to the plaintiff's action but not specific knowledge that the plaintiff had filed suit. The proposed new defendant had conducted an extensive investigation of the incident, but, because the defendant had no notice of the plaintiff's institution of the action, the defendant did not have the required notice. *Id.*

Although *Craig I* indicates that a potential defendant must have notice of the filing of the action, other Ninth Circuit cases confirm that this notice may be either actual or constructive. If the proposed new defendants have an identity of interest with the named defendant, notice will be imputed to the former. *See Korn*, 724 F.2d at 1401. *Accord G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498,

1503 (9th Cir.1994). The Ninth Circuit explains that identity of interest exists when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *G.F. Co.,* 23 F.3d at 1503 (citations omitted). That definition applies to a situation in which notice to a subsidiary is imputed to a parent corporation. In determining whether res judicata bars an action, the Ninth Circuit has developed a definition of identity of interest more applicable to situations involving individuals and corporations: "[w]hen a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in litigation involving that corporation the individual has sufficient commonality of interest." *In re Gottheiner,* 703 F.2d 1136, 1139 (9th Cir.1983) (citations omitted). The Eleventh Circuit applied a definition similar to the latter in analyzing whether the notice requirement of Rule 15(c) was satisfied. *See Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1258 (11th Cir.1983). The Eleventh Circuit held that, when a complaint naming a corporation as the defendant is later amended to add the corporation's owner, the latter may be deemed to have had notice in light of his or her identity of interests with the original defendant. *Id.*

First Credit does not deny that Fayazi and Merkwan had actual notice of the institution of the claim against First Credit before the statute of limitations expired and within the 120 days required for service of process. First Credit's Memorandum in Opposition only contends that Plaintiff did not put Fayazi and Merkwan on notice that claims might be brought against them. (Def.'s Mem. In Opp'n at p. 10.) The Memorandum asserts that "[m]ere knowledge of the claim brought against First Credit was not sufficient notice." (*Id.* at 10–1.) As First Credit indicates, some courts have held that knowledge of the action does not necessarily constitute sufficient notice. First Credit

quotes extensively from *Havoco of America, Ltd. v. Hilco, Inc.,* 750 F.Supp. 946, 953 (N.D.Ill.1990) *aff'd,* 971 F.2d 1332 (7th Cir.1992) in which a district court attempts to distinguish knowledge from notice. The district court in *Havoco* found that the notice to the proposed new defendant, Sumitomo, was deficient. *Id.* The plaintiff had named Sumitomo as a nonparty co-conspirator and served it with a subpoena to produce documents. *Id.* The plaintiff, however, did not alert Sumitomo to its intentions to add Sumitomo as a defendant, so Sumitomo could have assumed that it would not be added. The district court in Illinois concluded that adding Sumitomo after the statute of limitations had expired prejudiced it. *Id.* This situation is best analyzed under the "mistake" requirement of Rule 15(c)(3)(B) which requires that the proposed new party knew or should have known that it would be added. However, even if analyzed as a notice issue, Defendants' argument fails because Fayazi and Merkwan, unlike Sumitomo, were not given notice of a type that would cause them to believe they would not be added as parties.

In addition to evidence of actual notice, constructive notice may also be imputed to both Fayazi and Merkwan. Fayazi shares an identity of interest with First Credit because he is the sole owner and president of the corporation. (Fayazi Aff. ¶ 2, attached to Def.['s] Mem. In Opp'n.) *See Gottheiner,* 703 F.2d at 1139. Merkwan does not share the same identity of interest with First Credit as that of Fayazi but she did run First Credit's day-to-day operations. (Merkwan Aff. ¶ 5, attached to Def.['s] Mem. in Opp'n.) Because of her control over First Credit's daily operations, she is "typically deemed to have received constructive notice of the action." *Advanced Power Sys., Inc. v. Hi–Tech Sys., Inc.,* 801 F.Supp. 1450, 1456 (D.Pa. 1992). *See Gottheiner,* 703 F.2d at 1139. *See also Seber v. Daniels Transfer Co.,* 618 F.Supp. 1311, 1313 (W.D.Pa.1985) (sufficient identity of interest to impute knowl-

edge to both the owner and the vice president who ran day-to-day business).

Having determined that the proposed new defendants had actual notice of the action, the Court turns to the second element of Rule 15(c)(3)(A), whether adding these defendants would prejudice them. In granting a plaintiff's motion for leave to amend to add a party, the Ninth Circuit has emphasized the absence of prejudice to the added party. *Korn,* 724 F.2d at 1400, "Avoiding prejudice to the party to be added thus becomes our major objective. Timely notice, whether formal or informal, is one way of assuring that the party to be added has received ample opportunity to pursue and preserve the facts relevant to various avenues of defense." *Id.* In *Korn,* the court concluded that the new defendant had access to records, due to its community of interest with the named defendant, and thus would not suffer prejudice that would otherwise arise from the denial of "the opportunity to pursue and preserve facts relevant" to its defense. *Id.* at 1401.

Applying the factors above, Fayazi and Merkwan will not suffer prejudice by being added as parties. Because notice is imputed to them as of the time First Credit had notice, these defendants have had the same amount of time to prepare as has the named defendant. Additionally, the proposed new defendants have had access to records and thus the opportunity to pursue and preserve facts relevant to their defense. Prejudice is also lacking because the Amended Complaint is not materially different from the Original Complaint, and First Credit has not claimed that it is necessary to conduct extensive new discovery.

First Credit argues that Fayazi and Merkwan will be prejudiced by the loss of the defense that the claim is time barred. Loss of that defense is a necessary consequence of Rule 15(c). Rule 15(c) is justified on the ground that "once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of ... claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." *Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 738 (9th Cir.1982). Fayazi and Merkwan will lose the defense of statute of limitations, but that loss does not constitute the type of prejudice which prevents the amendment from relating back.

## 2. Mistake

As stated previously, the next prong of the relation back rule, Fed.R.Civ.P. 15(c)(3)(B), provides that an amended pleading relates back when "the party against whom a claim is asserted ... knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." First Credit argues that the claims against Fayazi and Merkwan do not relate back to the Original Complaint because the omission of those defendants was not a mistake.

The "mistake concerning ... identity" requirement of Fed.R.Civ.P. 15(c) has been variously interpreted. The discussion is simplified by distinguishing between types of situations in which the requirement is applied. In the first type, the pure misnomer case, the plaintiff commits an error in identifying the name of the defendant. In this case, for example, Plaintiff mistakenly named First Credit as "First Credit Resources" instead of the correct name of "First Credit Resources International, Inc." There is no dispute that this type of amendment relates back. *See, e.g., Edwards v. Occidental Chem. Corp.,* 892 F.2d 1442, 1446 (9th Cir.1990) (plaintiff was allowed to amend when she had named Occidental Petroleum Corporation d/b/a Occidental Chemical Corporation as defendant but should have named the latter).

In the second situation, a plaintiff seeks leave to amend to add a party who was omitted because the party was unknown at the time the complaint was filed. A dispute among the circuits arises in this situation. Many circuits would not allow such an amendment after the statute of limitations has run. *See, e.g., Wilson v. United States,* 23 F.3d 559, 563 (1st Cir.1994); *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 469 (2nd Cir.1995); *Western Contracting Corp. v. Bechtel Corp.,* 885 F.2d 1196, 1201 (4th Cir.1989); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996); *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir.1980).

The Ninth Circuit, however, seems to construe the mistake requirement more liberally to allow amendment in some cases wherein the previously unknown defendants were identified only after the statute of limitations had run. In *Kilkenny v. Arco Marine Inc.,* 800 F.2d 853 (9th Cir. 1986), *cert. denied,* 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987) the Court recognized that Rule 15(c) is the only mechanism a plaintiff can invoke to amend a complaint to *add additional parties* after the statute of limitations has run. *Id.* at 856–8. *See also Korn,* 724 F.2d at 1399.

The cases in which a plaintiff seeks to add a defendant after the statute of limitations has run follow three patterns. In one situation, the plaintiff is aware of the potential defendant's identity at the time the original complaint is filed but is uncertain whether the potential defendant may be found liable. *See, e.g., Wells v. HBO & Co.,* 813 F.Supp. 1561, 1567 (N.D.Ga.1992). In this situation, the amendment to add a party that plaintiff had known of from the outset is never allowed. *See also Gilmore v. State of California,* No. 93–20788, 1995 WL 492625, at *2 (N.D.Cal. Aug. 10, 1995) (same); *Havoco of America, Ltd.,* 750 F.Supp. at 953 (discussed previously). In the second situation, the plaintiff is unaware of a potential defendant or its identity at the time the complaint is filed, learns of the potential

defendant within the time established in the statute of limitations, but seeks to add only after the statute of limitations has expired. *See, e.g., Kilkenny,* 800 F.2d at 857 (plaintiff was not allowed to amend after the statute of limitations had run when she was notified of potential defendants in the named defendant's answer to the complaint and the answer was filed within the limitations period).

In these two situations, the plaintiff's failure to add the defendant(s) before the expiration of the statute of limitations cannot be characterized as a "mistake concerning . . . identity" because the plaintiff was aware of the new party's identity before the statute of limitations had run. The defendant deserves the protection of the statute of limitations because he or she may believe the plaintiff made a conscious decision not to include him or her. *Id.* The Ninth Circuit concluded that the purpose of Rule 15(c) is not served by allowing the plaintiff to amend the complaint in these situations, explaining:

> Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. *Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party,* nor was it intended to permit a plaintiff to engage in piecemeal litigation.

*Kilkenny,* 800 F.2d at 857–8 (emphasis added). In other words, Rule 15(c) gives no relief to a plaintiff who engaged in a tactical decision.

The third situation in which a plaintiff seeks to add defendants after the statute of limitations has run arises when the information about the additional defendant's identity is within the defendants' control but the defendants are not forthcoming. For example, in *G.F. Co.,* the plaintiff had named the claims agent as the defendant, not the owner of the vessel on which plaintiff's goods were damaged. 23 F.3d at

1503. The plaintiff did not become aware of the owner of the vessel as a potential defendant until after the statute of limitations had expired because the named defendant had been purposely ambiguous about its, the named defendant's, status with regard to the vessel. *Id.* The named defendant did not explain why it was not the proper defendant until it filed a motion for summary judgment after the statute of limitations had run. *Id.* at 1504. The Court allowed the plaintiff to amend its complaint, adding the owner of the vessel. *Id.*

Similarly, in *Korn*, the named defendant informed the plaintiff that the "principals" had been notified and were looking into his claim. 724 F.2d at 1400–1. Furthermore, Mr. Korn's attorney was assured by the named defendant that he had named the proper party. *Id.* at 1401. The plaintiff later discovered he had named the marketing corporation for the cruise line and not the owner of the vessel. He was allowed to amend his complaint to name the proper party because the Court would not allow the defendants to use Rule 15(c) as a "log to hide behind." *Id.*

■ The cases indicate the "mistake concerning ... identity" requirement may be satisfied when the plaintiff was unaware of the new defendant's identity at the time the complaint was filed and learns the identity of the new defendant only after the statute of limitations has expired because the named defendant failed to provide the information sooner.

■ Like the plaintiffs in *Korn* and *G.F. Co.*, at the time he filed the Complaint on June 12, 1997, Plaintiff was un-aware of the names of the defendants he now seeks to add.[3] Plaintiff did, however, actively seek the names through discovery. (Def.'s Mem. in Opp'n at 3.) Plaintiff specifically requested by interrogatory the names of the individuals who had "approved, authorized, or participated in sending collection letters." (*Id.*) Had First Credit answered, Plaintiff would have been able to add Fayazi and Merkwan before the statute of limitations had run. Instead, First Credit delayed by seeking a protective order and then submitting an objection in response to the interrogatory. (*Id.*) First Credit did not provide Plaintiff with Fayazi's and Merkwan's names until August 14, 1998, after it was ordered to do so by the Court and well after the applicable limitations period had expired. (Def.'s First Supplemental Answers to Pl.'s Interrogs. attached to Pl.'s Reply as App. A.) As the decisions discussed above indicate, it is inappropriate for a defendant to withhold information that the plaintiff is seeking and then use the statute of limitations as a defense when the plaintiff finally gains the information and attempts to use it.

Rule 15(c)(3)(B) also requires that the proposed new defendants knew or should have known that they would have been added, if not for this mistake. First Credit argues that the proposed new defendants did not know that they would have been added if Plaintiff had known of their identities. First Credit stresses the fact that Plaintiff's attorneys did not explicitly state that they would add Fayazi and Merkwan. First Credit did, however, expressly object to the first interrogatory on the grounds that Fayazi and Merkwan

---

**3.** First Credit suggests that if Plaintiff intended to pursue the individuals involved, the Plaintiff should have named John Doe and Mary Roe in the original complaint. Local Rule 1.9(d), however, provides that "the Clerk shall refuse to accept for filing in any civil action or proceeding originally commenced in this Court any complaint wherein any party is designated and sought to be joined under a fictitious name." D.Ariz. Local Rule 1.9(d). The Court recognizes that while the use of fictitious names is not generally favored, there are exceptional circumstances in which the practice is allowed. *See Molnar v. Nat'l Broad. Co.*, 231 F.2d 684, 687 (9th Cir.1956) (Plaintiff could not join fictitious parties to extend jurisdiction), *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980) (situations arise where plaintiff should be given an opportunity to identify unknown defendants through use of fictitious names and discovery).

could not be added as defendants due to the fiduciary shield doctrine. (Def.'s Mem. in Opp'n at 4.) First Credit suspected that Fayazi and Merkwan would be added as defendants if their identity was revealed. The knowledge that they would have been added will be imputed to Fayazi and Merkwan due to their unity of interest with First Credit as discussed previously.

## C. Conclusion

Plaintiff did not make a conscious choice to exclude Fayazi and Merkwan in the Original Complaint. First Credit, and by extension, Fayazi and Merkwan, knew that they would be added if Plaintiff knew their identities. Fayazi and Merkwan also received sufficient notice and will not suffer significant prejudice, as discussed previously. Because the notice and mistake prongs are satisfied, the claims against Fayazi and Merkwan relate back and are therefore not time-barred.

## II. Should the Motion for Leave to Amend be denied as futile because the Court cannot exercise jurisdiction over Fayazi and Merkwan?

First Credit argues that the Court cannot exercise jurisdiction over Fayazi and Merkwan, first, because they are protected by the fiduciary shield doctrine, and, second, because they have insufficient contacts to support the existence of personal jurisdiction. Each issue will be dealt with in turn.

## A. Constitutional Requirements for Personal Jurisdiction

■ Absent traditional bases for personal jurisdiction (physical presence, domicile or consent) the Due Process Clause requires that nonresident defendants have certain *minimum contacts* with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Doe v. American Nat'l Red Cross,*

112 F.3d 1048, 1050 (9th Cir.1997); *Data Disc v. Systems Tech. Assocs.,* 557 F.2d at 1287. "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir.1995) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citations omitted)).

■ The plaintiff has the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995) (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir.1990)); *Data Disc, Inc. v. Systems Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir.1977) (citing *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936)). Plaintiff cannot "simply rest on the bare allegations of the complaint, but rather [is obliged] to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Macpherson v. Taglione,* 158 Ariz. 309, 762 P.2d 596, 598–9 (Ct.App. 1988) (quoting *Amba Mktg. Sys. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977)).

## B. Fiduciary Shield Doctrine

First Credit argues that the Court cannot look at the individual contacts of Fayazi and Merkwan in determining whether the Court has personal jurisdiction over them because they are protected by the fiduciary shield doctrine.

■ Pursuant to the fiduciary shield doctrine, an officer's or employee's mere association with a corporation is an insufficient basis for the Court to assert jurisdiction over them, even though the

Court can assert jurisdiction over the corporation. *See* 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1069 at 370 (2nd ed.1987). Restated, jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation itself. *Id.* at 371. Some courts liberally interpreted this doctrine to insulate officers and employees by refusing to assert or even analyze the existence of jurisdiction over them in actions arising out of conduct of the employees that is within the scope of their employment and for the benefit of their corporate employer. *See U.S. v. Montreal Trust Co.*, 358 F.2d 239 (2nd Cir.1966), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440; *see also Powder Horn Nursery, Inc. v. Soil and Plant Laboratory, Inc.*, 20 Ariz.App. 517, 514 P.2d 270 (Ct.App.1973).

The Supreme Court's discussion of jurisdiction in *Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), however, rejected this liberal interpretation. In *Calder*, the Supreme Court upheld a the California Court of Appeals' assertion of jurisdiction over two employees of the National Enquirer, Inc. pursuant to California's long arm statute, which provides for jurisdiction whenever permitted by the state and federal Constitutions. *Id.* at 786, 790, 104 S.Ct. 1482. The employees were residents of Florida and their only contact with California entailed writing an article about a California resident that was subsequently published in California by their employer. *Id.* at 789, 104 S.Ct. 1482. The Supreme Court rejected the argument that their status as employees insulated the writer and editor from the jurisdiction of the California courts. *Id.* at 790, 104 S.Ct. 1482. Instead the Supreme Court required that each defendant's contacts with the forum state be assessed individually. *Id.* In so doing, the Supreme Court distinguished between an employee "who has no control over and derives no benefit from his employer's sales in [a] distant State" and the employee whose alleged tortious actions were aimed toward the forum. *Id.* at 789, 104 S.Ct. 1482. The two employees who wrote and edited the article fell within the latter category, and their contacts were sufficient. *Id.* at 791, 104 S.Ct. 1482.

The idea that jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation survives after *Calder v. Jones*. However, the Supreme Court held that due process does not require that individuals be shielded from suit based solely on their status as employees. *Id.* Rather, a court can assert jurisdiction over officers and employees if jurisdiction is supported by the long-arm statute of the forum state. *See id.* If the state's long-arm statute allows jurisdiction to the extent allowed by the Constitution, then employing the fiduciary shield to insulate employees is inconsistent with the wide reach of the statute. *See, e.g., Davis v. Metro Productions, Inc.*, 885 F.2d 515, 522 (9th Cir.1989). *See also* Lynn C. Tyler, *Personal Jurisdiction: Is It Time to Stick a Fork in the Fiduciary Shield Doctrine?*, 40–APR Res Gestae 9, 14 (1997); Robert A. Koenig, *Personal Jurisdiction and the Corporate Employee: Minimum Contacts Meet the Fiduciary Shield*, 38 Stan.L.Rev. 813, 827 (1986).

█ First Credit correctly relies on *Davis*, 885 F.2d 515 for an analysis of the current status of the fiduciary shield doctrine in Arizona. However, First Credit misunderstands the holding. In *Davis*, the Ninth Circuit set out the traditional application of the fiduciary shield doctrine in Arizona and also discussed the instances when the doctrine was not applied in the past. *Id.* at 521. Although First Credit relies on this discussion, the Ninth Circuit then rejects application of the fiduciary shield doctrine on the grounds that it is inconsistent with Arizona's long-arm statute. *Id.* at 522. Arizona's long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution.

Ariz.R.Civ.P. 4.2(a);[4] *see Doe,* 112 F.3d at 1050. The Ninth Circuit also noted that the more recent Arizona decisions only apply the long-arm statute and not the fiduciary shield doctrine. *Davis* 885 F.2d at 521 (citing *Macpherson,* 762 P.2d at 596). Accordingly, the jurisdictional question in this action is whether the Court's exercise of jurisdiction accords with 'traditional notions of fair play and substantial justice' embodied in the Due Process clause of the Fourteenth Amendment and not whether the fiduciary shield doctrine bars jurisdiction. *Macpherson,* 762 P.2d at 599 (citing *International Shoe Co.,* 326 U.S. at 316, 66 S.Ct. 154).

### C. Minimum Contacts

■■■ In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Depending on the nature and extent of the defendant's contacts with the forum state, the court may exercise either general or specific jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–15 nn. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Ziegler v. Indian River County,* 64 F.3d at 473 (internal citation omitted). Plaintiff does not allege that Fayazi and Merkwan are subject to general jurisdiction. Therefore, the discussion will be confined to whether the Court can assert specific jurisdiction over them.

In determining whether a defendant has had contacts with the forum state sufficient to subject himself to the Court's specific jurisdiction, the Ninth Circuit applies the following three part test:

(1) The nonresident defendant must purposely direct his activities or con-

summate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which *arises out of* or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be *reasonable.*

*Core–Vent,* 11 F.3d at 1485 (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987)) (emphasis added); *see Burger King,* 471 U.S. at 472–76, 105 S.Ct. 2174.

### 1. Purposeful Availment

■■■ In analyzing the "purposeful availment" requirement of the specific jurisdiction test, the Ninth Circuit performs a qualitative evaluation of the defendant's contact with the forum state to determine whether the " 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " *Core–Vent,* 11 F.3d at 1484 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). This requirement may also be met when the defendant has purposefully directed his activities or consummated some transaction with the forum or residents thereof. *Brainerd v. Governors of the University of Alberta,* 873 F.2d 1257, 1259 (9th Cir.1989) (citing *Lake,* 817 F.2d at 1421).

■■■ Fayazi and Merkwan drafted and participated in sending the letters to Plaintiff and members of the class in Arizona. (Def.'s First Supplemental Answers to Pl.['s] Interrogs. attached to Pl.['s] Reply as App. A.) The letter invited the recipient to establish a credit card account with First Credit, promoting the transaction of business in the forum state by purportedly extending credit to debtors for the purpose

---

**4.** Rule 4.2(a) *states:* "A court of this state may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States...." Ariz.R.Civ.P. 4.2(a).

of paying off their outstanding debts. The Court concludes that, by purposefully directing the letter to residents of Arizona, Fayazi and Merkwan fulfilled the purposeful availment element.

### 2. Arising Out of Forum–Related Activities

 The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's claim arises out of a defendant's forum related activities. *Doe,* 112 F.3d at 1051; *see Omeluk,* 52 F.3d at 271. The "arising out of" requirement of the specific jurisdiction test is met if, "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Terracom,* 49 F.3d at 561.

 In this case the second part of the test is easily established. The only contact between Arizona and Fayazi and Merkwan is the letter that they drafted and sent to Arizona residents. This letter is the basis for Plaintiff's complaint.

### 3. Reasonableness of Exercising Jurisdiction

 An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of the specific jurisdiction test are satisfied. *See Ziegler,* 64 F.3d at 474–75; *see also International Shoe,* 326 U.S. at 316, 66 S.Ct. 154 (holding that the exercise of personal jurisdiction must "not offend traditional notions of fair play and substantial justice"). However, a court presumes that its exercise of jurisdiction over a defendant is reasonable if the first two requirements of the specific jurisdiction test are met. *See Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.1995) (citing *Sher v. Johnson,* 911 F.2d 1357, 1364 (9th Cir.1990)). If the two requirements are satisfied, then the defendant has the burden of proof and must " 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " *Id.*

(quoting *Burger King,* 471 U.S. at 477, 105 S.Ct. 2174).

The Ninth Circuit considers the following factors to determine whether the exercise of specific jurisdiction is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Ziegler,* 64 F.3d at 475 (citing *Terracom,* 49 F.3d at 561); *Core–Vent,* 11 F.3d at 1487–88 (citing *Paccar Int'l, Inc. v. Commercial Bank of Kuwait,* 757 F.2d 1058, 1065 (9th Cir.1985)).

The defendants, the party with the burden of showing·that exercising jurisdiction is unreasonable, have failed to discuss these factors. Thus, the Court is unable to thoroughly discuss them. The Court can, however, assess the interest of the forum state. The state of Arizona maintains a strong interest in providing an effective means of redress for its residents. *See Data Disc,* 557 F.2d at 1288; *Core–Vent,* 11 F.3d at 1489.

The Court finds that it can assert specific jurisdiction over defendants Fayazi and Merkwan because they chose to direct the letter to the forum state and this dispute arises directly from that letter. These two elements created a presumption that asserting jurisdiction is reasonable. Fayazi and Merkwan have not carried the burden of rebutting that presumption.

### III. Should the Motion for Leave to Amend be denied as futile because the individuals, Fayazi and Merkwan, cannot be "debt collectors" under the FDCPA?

First Credit further argues that Fayazi and Merkwan may not be considered "debt

collectors" under the FDCPA.[5] First Credit explains that the district courts are not all in agreement on the issue, citing two cases involving the same defendant in which the courts reached opposite conclusions. *Ernst v. Jesse L. Riddle, P.C.,* 964 F.Supp. 213 (M.D.La.1997) (court refused to pierce the corporate veil to hold individuals liable); *Pikes v. Riddle,* 38 F.Supp.2d 639 (N.D.Ill.1998) (an individual personally involved in debt collection practices is within meaning of "debt collector"). While it is true that the courts are not in agreement, the decision of the district court in Louisiana appears to be an anomaly. *See Pikes v. Riddle,* 38 F.Supp.2d 639 (N.D.Ill. 1998) (holding that an individual car be a debt collector under the FDCPA); *Pope v. Vogel II,* No. 97 C 1835, 1998 WL 111576, at *5 (N.D.Ill. Mar.5, 1998) (same); *Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320 (D.Utah 1997) (same); *Newman v. Checkrite California, Inc.,* 912 F.Supp. 1354 (E.D.Cal.1995) (same); *West v. Costen,* 558 F.Supp. 564 (W.D.Va.1983) (same).

The language of the FDCPA is clear. A "debt collector" is "any person who ... regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). First Credit argues that this cannot apply to Fayazi and Merkwan because they were merely employees of First Credit acting in their capacities as employees.

A court in the District of Arizona was presented with the issue in *United States v. ACB Sales & Serv., Inc.,* 590 F.Supp. 561 (D.Ariz.1984). The district court found that a corporate director may be liable pursuant to the FDCPA only for violations in which he materially participated. *Id.* at 573 (citing *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co., Ltd.,* 467 F.Supp. 841, 852 (N.D.Cal.1979)

*aff'd sub nom. Murphy Tugboat Co. v. Crowley,* 658 F.2d 1256 (9th Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1713, 72 L.Ed.2d 135 (1982)). The district court in Murphy relied on the basic principles of tort and agency, namely that "an officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Murphy Tugboat Co.,* 467 F.Supp. at 852 (quoting Ballantine, *Corporations* § 112 (rev. ed.1946)) (interpreting Restatement (Second) of Agency § 343 (1957)). Applying these principles, the district court in *ACB Sales & Service, Inc.* found that the corporate directors were not "debt collectors" because they had not "materially participated" in the collection activities. *ACB Sales & Service, Inc.,* 590 F.Supp. at 575.

A district court in California addressed the issue more recently. *See Newman v. Checkrite California, Inc.,* 912 F.Supp. 1354, 1372–1373 (E.D.Cal.1995). The California district court held that the manager of a law firm who engaged in collection of debts was a "debt collector" because he was a person who "regularly attempt[ed] to collect, directly or *indirectly,* debts owed." *Id.* at 1372 (quoting 15 U.S.C. § 1692a(6) (emphasis added)).

Using either the plain language of statute or the basic principles of agency, Fayazi and Merkwan may be "debt collectors". Both materially participated in the activities of First Credit alleged to be collection activities. That participation may qualify them as debt collectors under the statute.

## IV. Conclusion

In conclusion, Plaintiff's Amended Complaint would not be futile. Plaintiff's

---

5. First Credit also argues that if the FDCPA does not apply to First Credit, then logically, it cannot apply to Fayazi and Merkwan. First Credit reasserted its argument that the FDCPA does not apply to it in its Memorandum of Law in Support of Motion for Sum-

mary Judgment. Because the issue of whether the FDCPA applies to First Credit has not been addressed, Defendant's argument is hypothetical and cannot provide a basis for denying leave to amend the Complaint.

claims against Fayazi and Merkwan relate back pursuant to Fed.R.Civ.P. 15(c), thus the claims are not time-barred. The Court can assert specific jurisdiction over them because they purposefully directed the letter in dispute to the forum state. Finally, Fayazi and Merkwan may be "debt collectors" under 15 U.S.C. § 1692a(6).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 31–1) is granted. The Clerk of Court is directed to change the caption to reflect Defendant's correct name, First Credit Resources International, Inc. The Clerk of Court is also directed to add M. Reza Fayazi and Laura Merkwan as defendants.