**Fred FISCHER, on Behalf of Himself and on Behalf of All Other Persons Similarly Situated, Appellant,**

v.

**FIRST NATIONAL BANK OF OMAHA,**
Omaha, Nebraska, Appellee.

Nos. 72–1213, 72–1214.

United States Court of Appeals,
Eighth Circuit.

Submitted July 25, 1972.

Decided Sept. 5, 1972.

Rehearing Denied Oct. 16, 1972.

Everett Meeker, Livingston, Day, Kehoe, Meeker & Bates, Washington, Iowa, for appellant.

William E. Morrow, Jr., of Swarr, May, Smith & Andersen, Omaha, Neb., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The appellant brought two actions in United States District Court charging the First National Bank of Omaha with (1) violating certain provisions of the Federal Truth in Lending Act and (2) violating the usury laws in the National Banking Act. The District Court found the venue improper and transferred both actions pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of Nebraska. Fischer v. First National Bank of Omaha, 338 F. Supp. 525, 531 (S.D.Iowa 1972). The instant consolidated appeal seeks review of the transfer orders. This Court *sua sponte* has examined the question of whether we have jurisdiction to entertain the appeal.

The order sought to be reviewed here is a transfer order under 28 U.S.C. § 1406(a).[1] An order by a District Court transferring an action to another district is an interlocutory order and is nonappealable.[2] Stelly v. Employers National Insurance Co., 431 F.2d 1251, 1253 (5th Cir. 1970), cert. denied, 401

1. 28 U.S.C. § 1406(a) provides:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

2. The Ninth Circuit has speculated that perhaps the rule announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 93 L. Ed. 1528 (1949), might cast doubt on the rule against appealability of § 1406(a) orders. Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 952 n. 8 (9th Cir. 1969). See also, 9 J. Moore, Federal

Practice ¶ 110.13[6], at 174 (2nd ed. 1970).

The rule among the Court of Appeals, however, remains that a § 1406(a) order is not a final decision reviewable under 28 U.S.C. § 1291. There is one case in which the Third Circuit allowed § 1291 review for a denial of a transfer order, United States v. Berkowitz, 328 F.2d 358, 360 (3rd Cir.), cert. denied, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964), but that case can be considered unique on its facts in that the denial of the transfer order effectively terminated the civil law suit since the defendant could not be properly served in the district where the suit was instituted and the defendant could assert the statute of limitations as a defense to a new suit elsewhere.

**512**

U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971); Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 951 & n.5 (9th Cir. 1968); 9 J. Moore, Federal Practice ¶ 110.13[6], at 173 (2nd ed. 1970). Therefore, we hold that the order in the instant case, being interlocutory, is non-appealable at this time.[3]

The appeal is dismissed.

---

3. No attempt has been made to bring this interlocutory appeal under 28 U.S.C. § 1292(b).