Adeline WESTPHAL, Plaintiff,

v.

Carl MACE and the Riverside Resort Hotel and Casino, Defendants.

No. CIV 86–1929 PHX RCB.

United States District Court,
D. Arizona.

Aug. 6, 1987.

Daniel J. Heuel, Muir, Heuel, Carlson & Spelhaug, P.S., Rochester, Minn., and Charles F. Richards, Gallagher & Kennedy, Phoenix, Ariz., for plaintiff.

James Broening, Jan E. Cleator, Crampton, Woods, Broening & Oberg, Phoenix, Ariz., for Carl Mace.

Bruce Scott Dickinson, Beckley, Singleton, DeLanoy, Jemison & List, Chtd., Las Vegas, Nev., for The Riverside Resort Hotel and Casino.

## ORDER

BROOMFIELD, District Judge.

Defendant, Riverside Resort Hotel and Casino (Riverside), moves to dismiss the plaintiff's complaint against it pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Alternatively, it moves to transfer this action to the Southern Division of the District of Nevada pursuant to 28 U.S.C. § 1406(a).[1] Both plaintiff and defendant Mace oppose the dismissal and transfer.

The plaintiff is a resident and citizen of Minnesota. She filed this action against her nephew Carl Mace and Riverside to recover for personal injuries she incurred in a car accident in the parking lot of the Riverside in January 3, 1986. Carl Mace is a citizen of Arizona residing in Casa Grande, Arizona. The Riverside is a Nevada corporation which operates a hotel and gambling casino in Laughlin, Nevada. The plaintiff alleges in her complaint she fractured her neck while riding as a passenger in Mace's car when Mace suddenly hit his brakes to avoid an obstruction placed in Riverside's parking lot by Riverside. Following the accident, she received emergency treatment in Bullhead City, Arizona. She then had to spend three months in Phoenix to receive medical treatment.

Riverside moves to dismiss the plaintiff's complaint against it for lack of personal jurisdiction. It claims it has insufficient contacts with Arizona for this court to exercise personal jurisdiction over it. The plaintiff bears the burden of establishing the existence of personal jurisdiction. *Haisten v. Grass Valley Medical Reimbursement Fund,* 784 F.2d 1392, 1396 (9th Cir.1986).

To establish the existence of personal jurisdiction in a diversity case, the plaintiff must first show that the forum's statute confers personal jurisdiction over the nonresident defendant and must secondly show the exercise of jurisdiction accords with the federal constitutional principles of due process. *Id.* Arizona's long arm statute establishes personal jurisdiction over nonresident defendants to the maximum extent permitted by due process. *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1330 (9th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985); *Houghton v. Piper Aircraft Corp.,* 112 Ariz. 365, 367, 542 P.2d 24, 26 (1975). Thus, the only real issue before this court is whether exercising personal jurisdiction over this nonresident defendant comports with due process.

Due process requires that a defendant have certain minimum contacts with the forum so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316,

---

1. Plaintiff also requests the court to take the matter under advisement if it concludes that plaintiff has not made a prima facie case for personal jurisdiction so that she may conduct further discovery. The court notes that plaintiff has filed five affidavits on the jurisdictional issue, one of which was as late as June and that three months had transpired since the filing of the motion. There has been adequate time for jurisdictional discovery.

66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To satisfy this due process requirement, plaintiff must prove either "general jurisdiction" or "limited jurisdiction" exists. *Gates,* at 1330.

### 1. General Jurisdiction

A sufficient relationship between the defendant and Arizona exists to support general jurisdiction if plaintiff can demonstrate the defendant's activities within Arizona are "substantial" or "continuous and systematic" even if the claim is unrelated to those activities. *Haisten,* at 1396, *Gates,* at 1330, *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977). The court must focus on the economic reality of the defendant's activities in examining whether general jurisdiction exists. *Gates,* at 1331.

■ Plaintiff alleges the Riverside's activities within Arizona are continuous and systematic and therefore personal jurisdiction exists. She notes the close ties and dependency of Riverside upon Arizona for commerce, trade, and work force and argues that Laughlin's reputation as a gambling mecca for Arizona and California keeps Riverside in business. The fact Arizonans or other parties with Arizona contacts flock to Laughlin and Riverside is irrelevant for purposes of determining whether Riverside's contacts with Arizona are substantial or continuous and systematic enough for general jurisdiction to exist. A court may not assert personal jurisdiction over a nonresident defendant based on the unilateral activity of another party or third person. *Helicopteros Nacionales Columbia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). Also, most of the supposed contacts plaintiff asserts that Riverside has with Arizona are those of others, not the defendant Riverside itself. Here, the plaintiff has failed to show any substantial or continuous and systematic contacts for general jurisdiction to exist.

### 2. Limited Jurisdiction

■ If the defendant's activities are not so pervasive to subject him to general jurisdiction, then a court may still assert jurisdiction for a cause of action arising from a defendant's forum related activities. *Haisten* at 1397. The Ninth Circuit utilizes a three prong test to determine whether a court may exercise limited jurisdiction over a defendant:

1. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

2. The claim must be one which arises out of or results from the defendant's forum related activities.

3. The exercise of jurisdiction must be reasonable.

*Id.* Plaintiffs have the burden of proving the existence of jurisdiction, including the element of reasonableness, *see Haisten* at 1397, but there is a presumption of reasonableness upon a showing that the defendant purposefully directed his activities at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985).

### 1. Act Requirement

The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely due to random, fortuitous, or attenuated contacts, or due to the unilateral activity of another party or a third person. *Id.* at 475, 105 S.Ct. at 2183. Thus, where a defendant deliberately engages in significant activities within the forum state or creates continuing obligations between itself and residents of the forum, it manifestly avails itself of the privilege of conducting business there. Because the benefits and protections of the forum's law shield the defendant's activities, it is presumptively reasonable to require the defendant to submit to the burdens of litigation in the forum. *Id.* at 474, 105 S.Ct. at 2183.

The plaintiff argues Riverside purposefully avails itself of the benefits and protections of Arizona's laws by soliciting business in Arizona. She points out Riverside advertises in Arizona newspapers, sponsors travel packages through Arizona travel agents, and publishes a toll free phone number in Arizona phone directories.

■ Based on Riverside's activities directed towards Arizona, the court finds Riverside purposefully avails itself of the benefits and protections of Arizona's laws. The fact no agent of Riverside, in connection with this case, ever entered Arizona is irrelevant. A defendant cannot avoid jurisdiction over him merely because he did not physically enter the forum state. So long as the commercial actor purposefully directs his efforts towards forum residents, the absence of physical contacts with the forum will not defeat personal jurisdiction. *Id.* at 476, 105 S.Ct. at 2184.

Since the Riverside purposefully directed its activities towards Arizona residents, the court need not address the third prong of the test dealing with reasonableness. A presumption of reasonableness exists upon a showing the defendant purposefully directed his activities at forum residents, which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable. *Id.* at 477, 105 S.Ct. at 2185. Before the court may attempt to exercise jurisdiction over the Riverside however, the plaintiff must satisfy the second prong of the test.

### 2. Arising Out of Forum-Related Activities

■ Although the accident giving rise to the plaintiff's claim occurred in Nevada, the plaintiff argues the consequences of Riverside's alleged negligence occurred in Arizona. She notes she received emergency care in Bullhead City, Arizona, she remained in Phoenix for three months to receive proper medical treatment, and the claim for contribution by Mace arose in Arizona. The fact a plaintiff's claim comes to fruition in the forum state is irrelevant for purposes of determining whether personal jurisdiction exists if the injury causing event occurred in another state. *Amba Marketing Systems, Inc. v. Jobar Internat'l, Inc.,* 551 F.2d 784, 788–89 (9th Cir. 1977). The actual damage causing event must occur in the forum. Feeling the effect of an out-of-state event in the forum is not enough for personal jurisdiction to exist. *Id.* at 788.

■ Here, the accident giving rise to the plaintiff's claim occurred in Nevada. Her injury resulted from a traffic accident in the Riverside's parking lot. Consequently, it is difficult for this court to find her claim arises out of or results from the Riverside's forum related activities. Soliciting business from Arizona residents and a traffic accident in a Nevada parking lot are not sufficiently connected for this court to conclude that the plaintiff's claim arises out of the Riverside's forum-related activities. Accordingly, the court finds it has no personal jurisdiction over the Riverside.

### Riverside's Alternative Motion to Transfer

■ Riverside notes venue is improper in Arizona under 28 U.S.C. § 1391(a) since plaintiff's claim did not arise in Arizona and neither the plaintiff nor all the defendants reside in Arizona. Accordingly, it moves to transfer this case to the Southern Division of the District of Nevada pursuant to 28 U.S.C. § 1406(a), the district where the claim arose. A court may transfer a case pursuant to § 1406(a) even though the court lacks personal jurisdiction over a defendant. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). The court finds it is in the interest of justice to transfer this case to the Southern Division of the District of Nevada.

Defendant Mace objects to transferring this case to Nevada. He contends venue is proper in Arizona because Riverside is doing business in Arizona pursuant to 28 U.S.C. § 1391(c) and therefore concludes Riverside resides in Arizona under 28 U.S.C. § 1391(a). Mace argues the proper test for determining whether Riverside is "doing business" in Arizona is the mini-

mum contacts test for personal jurisdiction. This court does not adhere to that view for determining what constitutes "doing business" under § 1391(c). *See Holder Corp., et al. v. The Main Street Distributing Inc.,* CIV 86–1285 PHX–RCB slip op. at 9–12 (D.Ariz. January 21, 1987) [available on WESTLAW, DCT database]. Nevertheless, even under the test advocated by Mace, Riverside is not "doing business" in Arizona because this court does not have personal jurisdiction over Riverside.

IT IS ORDERED granting Riverside's motion to dismiss for lack of personal jurisdiction.

IT IS FURTHER ORDERED transferring this case to the Southern Division of the District of Nevada pursuant to 28 U.S.C. § 1406(a).