127 P.3d 903

## In re CONSOLIDATED ZICAM PRODUCT LIABILITY CASES.

Anabel Bentley, a single woman; Rodney C. Britt and Coleen D. Britt, husband and wife; and Terrence D. Woodruff and Carol Dee Woodruff, husband and wife, Tammy Ringbauer, Janara J. Abramsen, Arthur J. Balog, Sharlene Beck, Judy L. Bedingfield, Ronald R. Bell, Robert R. Benton, Randall B. Bush, Kate M. Buswell, Frank M. Buttigieg, Michael E. Cannan, Joan L. Comes, James E. Connelly, John C. Cox, Laura A. Cripe, Steve B. Crouch, Trancy M. Crucitti–Porter, Danny S. Curtis, Richard J. Daly, Andrew N. Dennison, David A. Edlund, Leslie A. Engen, Ana Maria Estevez, Jerry Felts, Franni M. Ferrero, Patricia A. Garcia, Dale W. Garten, Morey Grosse,

---

* Pursuant to Article 6, Section 3 of the Arizona Constitution, the Honorable A. John Pelander, Chief Judge of the Arizona Court of Appeals, Division Two, was designated to sit in this matter.

Martha K. Hadley, Donna K. Halley, Gretchen Herd, Lea J. House, Debra A. Hurley, Paula V. Jackson, Matthew Karp, Mark L. Kenyon, Regina C. Lawrence, Donald F. Llewellyn, Vickey W. Maples, Janis H. McKenzie, Richard H. Monte, Jimmy D. Mooring, Deborah Morris, Raymond P. Onidi, Sandra Orr, Kathryn J. Platner, Sally I. Powell, Avian T. Quock, Richard N. Ray, James T. Scherz, Barbara A. Schiavone, Brian Smith, Mary Ann Spence, Kent D. Stark, Noel H. Stock, Kathleen Taormina, Judith A. Tart, Belinda K. Taylor, Michelle D. Thomas, Donna G. Van Dries, Richard W. Wagner, Gregory W. Warren, Rosa M. Weitzel, Colleen L. Whiteford, Sandra A. Wutsch, Lucy B. Lutche, Edwin R. Adams Jr., Mary Jean Anderson, Benjamin Armstrong, Linda L. Bayley, Carolyn E. Bennett, Robert J. Bezio, Kevin Boddicker, Kathleen Bolton, Ginger L. Boyd, Cathy Bright, Ruthie Carr, Garland Castaneda, Merry Cibula, Marguerite M. Cochran, Mariana Coku, Thomas C. Cooper, Gary R. Cuvelier, Christopher H. Day, James Degivency, Rajen Desai, Ann Marie Dosche–Willing, Melanie A. Duvall, Val Dziagwa, Wanda Estes, Dorothy Felton, David E. Field, Elana Fine, Claude Gaspard, Frank Gilbert, Rhonda I. Graeber, Dennis Greenstein, Matthew V. Hammarlund, Joanne M. Hanson, Lawrence Hanson, Allen N. Hawley, Jack R. Hendrixson, Margaret Henslee, Kermit G. Hickman, Kelly Hoover, Paula Hubsch, Glenn L. Jetton, Herschel R. Johnson, Joyce L. Jurgensen, Kathleen M. Kerr, Norbert M. Khalifa, Maryon F. King, Audrey A. Koval, Jennifer Kruger, Pernell Larson, Donna G. Laycock, Daniel Levin, Susan C. Lyons, Daniel Malloy, Raoul K. Mangrum, Walter Maraist, Eileen McClaughlin, Don McCollough, Sherri B. Messimer, Agnes Mikel, Mary Morris, Phillip E. Murray, Lee O'Neal, Paul Page, Gary L. Passmore, Coast D. Pauline, Marta Pluta, Barry Rabson, Carlos Ramos, Donna J. Reynolds–Miller, Ruth Robinson, Marla J. Rosenberg, Marion T. Rowland, Noreen R. Sadler, H. Joe Shimpfky, Claude W. Shires, Elizabeth A. Sims, Lorraine Sorensen, Stehpanie L. Sugar, Alan Torppa, Adolph J. Voigt, Janine Wallace–Mehta, Elizabeth D. Wampler, John Wankner, Sherri Wedel, Susan Weiss, Consetta Wells, Mary West, Judy Zorn, David Zueger, John Douillard, Jodi Hunter, Carol Japngie, Tina Kirkham, Richard Miller, Mary Mulhern, Diane Russell, Julie Schoch, Rebecca Akers, W. Frank Alexander, Jake H. Armstrong, Paul R. Batholomew, Fred Becht, Jay O. Bennett, Susan D. Beselin, Alison M. Boteler, Bruce Bowler, Kolleen Brigance, Kay Brinkley, Elaine N. Brogoitti, Williams Burkett, Lavenia L. Burleson, Nancy Byrnes, Robert Carey, Jack D. Carter, Emily O. Chadwick, Rodney Chavez, Philip J. Chiappini, Julien Cook, Yvonne F. Crouse, Eugene E. Curry, Geri C. Davis, Suzanne Day, Lorraine Desiervo, Robert K. Dewitt, Gretchen M. Dittrich, Marie Eckert, Diane M. Esch, Richard Espinoza, Robet A. Foster, David Franzen, Emery W. Freeman, Georgia Freshwater, Jill D. Gillespie, Robert E. Gillis, Kathryn J. Hackett, Ann M. Hepworth, Sharon E. Hickox, Sandra L. Hinson, Sherry Holladay, Cynthia Hucko, Don Jacobs, Mihaela R. Jardini, Nancy C. Johnson, Jennifer Jordan, Dawn Kenward, Dorothy Lagrone, Betty L. Lauchlan, Jody Lerner, William R. Lewis, Judy H. Lewis, Amy J. Lietz, Lucia Malenky, Mary Ann Martinovsky, Lorane Mattarazo, Hilaria I. McAllister, Lois McGuire, Millie L. McKelvy, Robert S. McClean, Mary M. Melchor–Ludwig, Eric T. Miller, Carol Miner, Meredith L. Moon, Connie A. Morehouse, John Morris, Gregg C. Newquist, Janice Ottosen, Vincent Pacifico, Linda Pope, Kathy S. Popejoy, Allyson C. Powell, Samuel S. Ramirez, Charles E. Ramsay, Ruth E. Richards, John V. Robinson, Cindy M. Rossi, Carol Ruettinger, Linda L. Ryan, Jonathan Schachter, Matthew F. Solatka, Catherine P. Teutsch, Ronald O. Thompson, Tracy L. Todaro, on behalf of herself and her minor child, Kyla J. Todaro, Elisa M. Umpierre, Debbie Ven-

den, Curtis Ward, Robert L. Weibush, Raymond D. Weimer, Jeanine Wilson, Melvin Wyman, Gebi Yemane–Berhane, Margaret Young, William G. Zarlendo Jr., and David J. Zimmerman, Plaintiffs–Appellants

v.

Zensano, Inc., sucessor by merger to BioDelivery Technologies, Inc.; and Zengen, Inc., Defendants–Appellees.

No. 1 CA–CV 05–0196.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 26, 2006.

Zimmerman Reed PLLP By Barry Reed, Hart L. Robinovitch, Scottsdale, and Williams Dailey O'Leary Craine & Love, P.C. By Brian Campf, Portland Oregon, and Bush Lewis PLLC By Kenneth W. Lewis and Sonja Coffman, Beaumont, Texas, and Weller Green Toups & Terrell, LLP By Mitchell A. Toups, Beaumont, Texas, and Alexander Hawes & Audet LLP By Joshua Ezin, San Jose, California, Attorneys for Plaintiffs–Appellants.

Richard W. Shapiro PLC By Richard W. Shapiro, Phoenix, Attorneys for Defendants–Appellees.

## OPINION

EHRLICH, Judge.

¶1 Numerous individuals (collectively "the plaintiffs") have appealed the superior court's judgment dismissing with prejudice their complaints against Zensano, Inc., and Zengen, Inc. (collectively "the defendants").[1] The court ruled that it lacked personal jurisdiction over the defendants and that the plaintiffs had failed to state a claim for relief against the defendants. For the reasons discussed below, we agree with the court that it was without jurisdiction, and we therefore affirm the judgment without addressing the merits of the second contention.

---

1. There are other defendants who remain in the litigation, but, since they are not parties to this appeal, we will simply refer to Zensano and Zengen as if they are the only defendants.

## BACKGROUND

¶ 2 The plaintiffs filed lawsuits in the Superior Court of Arizona (Maricopa County) alleging that their use of Zicam Cold Remedy Nasal Gel ("Zicam") had caused the permanent impairment or loss of their senses of smell and taste because of the toxicity of the product's active ingredient, zinc, to the olfactory epithelium. The plaintiffs resided not only in Arizona but in seventeen other states,[2] and they asserted causes of action for strict products liability (unreasonably dangerous condition and failure to warn), negligence, breach of warranties, fraud, consumer fraud and negligent misrepresentation against the defendants, both directly and on a theory of vicarious liability. The several lawsuits were consolidated.

¶ 3 Zicam is manufactured by Gel Tech, an Arizona limited liability company ("LLC"). Zengen is the parent corporation of Zensano; both are California companies with their principal places of business in that state. On December 26, 2000, Zensano merged with Gel Tech member BioDelivery Technologies, Inc., also a California corporation, and, as the surviving company, Zensano succeeded to BioDelivery's 40% interest in Gel Tech. A year later, Gum Tech International, Inc., acquired Zensano's 40% interest in Gel Tech.[3]

¶ 4 The defendants moved to dismiss the plaintiffs' complaints on the basis that the superior court lacked jurisdiction over the defendants because the companies had not engaged in any activities in Arizona sufficient to give rise to the plaintiffs' claims. The defendants also moved to dismiss the complaints because the plaintiffs had failed to state any cause of action against them.

¶ 5 The superior court gave the plaintiffs additional time in which to obtain the evidence necessary to justify a good-faith opposition to the defendants' motion pursuant to Arizona Rule of Civil Procedure ("Rule") 56(f) (2001) because the defendants had filed documents outside the complaints in support of their motion to dismiss. The plaintiffs consequently conducted additional discovery and filed a supplemental memorandum in opposition to the defendants' motion, referring to evidence that they claimed demonstrated the defendants' contacts with Arizona and independent participation in the marketing and distribution of Zicam.

¶ 6 The superior court granted the defendants' motion to dismiss with prejudice "on both grounds raised, collectively and independently," and it entered final judgment as to the defendants. *See* Ariz. R. Civ. P. 54(b) (2001). The plaintiffs timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes § 12–2101(B) (2003).

## DISCUSSION

■ ¶ 7 The plaintiffs maintain that the superior court could exercise specific jurisdiction over the defendants because of the companies' business activities with Gel Tech since it is an Arizona LLC and because of their distribution and marketing of Zicam in Arizona. The defendants respond that they lack the minimum contacts with Arizona necessary to support jurisdiction because they did not design, formulate, manufacture, distribute or sell Zicam and because their business relationship with Gel Tech was conducted solely in California. We review the facts in the light most favorable to the plaintiffs, but we review *de novo* the court's legal determination that it lacked jurisdiction. *A. Uberti and C. v. Leonardo*, 181 Ariz. 565, 566, 569, 892 P.2d 1354, 1355, 1358, *cert. denied*, 516 U.S. 906, 116 S.Ct. 273, 133 L.Ed.2d 194 (1995).

■ ¶ 8 When the defendants moved to dismiss the complaints for lack of personal jurisdiction, the plaintiffs assumed the burden of establishing that jurisdiction is proper. *Coast to Coast Mktg. Co. v. G & S Metal Prods. Co.*, 130 Ariz. 506, 507, 637 P.2d 308, 309 (App.1981). The plaintiffs could not rest on the bare allegations of their complaints; they had to come forward with facts support-

---

2. Alaska, Arkansas, California, Colorado, Georgia, Illinois, Iowa, Michigan, Nevada, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Texas and Washington.

3. Gum Tech was Nekros International Marketing, Inc., a Utah corporation; it is now Matrixx Initiatives, Inc., a Delaware corporation. Gel Tech is now Zicam, LLC, an Arizona company. Also involved is Botanical Laboratories, Inc.

ing personal jurisdiction. *MacPherson v. Taglione,* 158 Ariz. 309, 311–12, 762 P.2d 596, 598–99 (App.1988). If the plaintiffs made a prima facie showing of jurisdiction, then the defendants had the burden of rebuttal, *id.* at 312, 762 P.2d at 599, although any contradictions had to "be resolved in [the plaintiffs'] favor for purposes of determining whether a prima facie case for *in personam* jurisdiction ha[d] been established." *Id.* (quoting *Wessel Co. v. Yoffee & Beitman Mgmt. Corp.,* 457 F.Supp. 939, 940 (D.C.Ill.1978)).

¶ 9 Arizona courts may exercise either general or specific personal jurisdiction over non-resident defendants. General jurisdiction subjects such defendants "to suit on virtually any claim, '[e]ven when the cause of action does not arise out of or relate to [their] activities'" in Arizona, but such jurisdiction applies only when the defendants have "substantial" or "continuous and systematic" contacts with Arizona. *Rollin v. William V. Frankel & Co.,* 196 Ariz. 350, 352–53 ¶ 9, 996 P.2d 1254, 1256–57 (App. 2000) (quoting *Batton v. Tenn. Farmers Mut. Ins. Co.,* 153 Ariz. 268, 270, 736 P.2d 2, 4 (1987)). The plaintiffs have not maintained that Arizona has general jurisdiction over the defendants, and none of the traditional indicia of general jurisdiction such as agents, personal presence, offices or property in Arizona are present. *See A. Uberti,* 181 Ariz. at 569, 892 P.2d at 1358.

¶ 10 Arizona courts may exercise specific personal jurisdiction over non-resident defendants to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a) (2001); *A. Uberti,* 181 Ariz. at 569, 892 P.2d at 1358. Due process is satisfied if (1) the defendants performed some act or consummated some transaction with Arizona by which they purposefully availed themselves of the privilege of conducting activities in this state; (2) the claim arises out of or results from the defendants' activities related to Arizona; and (3) the exercise of jurisdiction would be reasonable. *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 416 (9th Cir.1997).

¶ 11 "The 'purposeful availment' requirement ensures that [defendants] will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted). Jurisdiction is only proper if the defendants may reasonably anticipate that their conduct and connection with Arizona may subject them to its jurisdiction. *Bils v. Nixon, Hargrave, Devans & Doyle,* 179 Ariz. 523, 525, 880 P.2d 743, 745 (App.1994). Moreover, the plaintiffs' cause of action must arise out of or relate to the defendants' contacts with Arizona. "If the non-resident defendant[s'] forum-related activities 'are not sufficiently connected for [the] court to conclude that the plaintiff[s'] claim arises out of' those activities, dismissal is warranted." *Rollin,* 196 Ariz. at 354 ¶ 14, 996 P.2d at 1258 (quoting *Westphal v. Mace,* 671 F.Supp. 665, 668 (D.Ariz.1987)); *see also Chandler v. Roy,* 985 F.Supp. 1205, 1212 (D.Ariz.1997) (The "arising out of" test is met if, "'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen.").

¶ 12 The plaintiffs identify six activities allegedly demonstrating that the defendants directed marketing and business activities toward Arizona sufficient to constitute "purposeful availment" and therefore adequate to support Arizona's exercise of personal jurisdiction.[4] We discuss each activity in turn.

*1. $2 Million Cash Advance to Gel Tech*

¶ 13 The plaintiffs allege that Zengen advanced $2 million to Gel Tech. The documentation upon which they rely, however, demonstrates only that Zengen gave the money to Gel Tech as a capital contribution by BioDelivery "for use in funding Gel Tech's advertising and promotion" in exchange for BioDelivery's promissory note for repayment of the loan. The plaintiffs offer no evidence that the loan was negotiated or that the

---

4. The plaintiffs do not allege that Zensano's membership interest in Gel Tech alone is sufficient to subject Zensano to personal jurisdiction

in Arizona. *See Cannon Mfg. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925).

funds were delivered in Arizona. To the contrary, the record shows only that Zengen and BioDelivery are California companies and that the promissory note for the loan is governed by California law.

¶ 14 Moreover, the plaintiffs do not explain the causal connection, if any, between Zengen's loan and their causes of action. *Williams v. Lakeview Co.,* 199 Ariz. 1, 4–5 n. 2 ¶ 13, 13 P.3d 280, 283–84 n. 2 (2000) (The court would not assume, without additional evidence, that a decision to employ or offer hotel services to Arizona residents showed a purposeful availment of the privilege of conducting business in Arizona.). The plaintiffs therefore have not presented prima facie evidence that the defendants had this contact with Arizona sufficient to support personal jurisdiction.

### 2. $600,000 Loan to Gel Tech

██ ¶ 15 The plaintiffs claim that Zengen loaned $600,000 to Gel Tech, thereby directing money to an Arizona company. The memorandum that they offer as evidence of this transaction, however, does not demonstrate that either Zengen or Zensano in fact loaned this money to Gel Tech. Rather, the memorandum documents a request from Zengen's corporate secretary to the Zengen Board of Directors for the directors' consent to a $1.5 million loan to Gel Tech, of which amount "Zengen/Zensano as the forty percent owner of Gel Tech" would be responsible for $600,000 "in order to meet [Gel Tech's] currently committed advertising campaign" "in support of the Zicam cold product." However, the plaintiffs have not provided evidence that Zengen or Zensano even approved, let alone effectuated, the loan proposed in this memorandum. Accordingly, they have not satisfied their obligation to offer prima facie evidence of a contact with Arizona.

### 3. Confidentiality and Non–Competition Agreement

██ ¶ 16 Zengen and Zensano entered a Confidentiality and Non–Competition Agreement ("Agreement") with Gum Tech and Gel Tech in connection with Zensano's sale of its interest in Gel Tech to Gum Tech. Although the plaintiffs assert that the Agreement is a contact with Arizona sufficient to allow this state to exercise personal jurisdiction over the defendants, they gave the superior court only the Agreement without the exhibits and other documents that the Agreement incorporates and to which it refers. As a result, the record with regard to the Agreement contains nothing having to do with Arizona other than that Gel Tech is an Arizona LLC, a contact that itself is not sufficient. Again, the plaintiffs have provided no prima facie evidence of the defendants' contact with this state.

### 4. Assignment of Intellectual Property

██ ¶ 17 On June 27, 2000, Zensano and two individuals, Zengen's President Charles Hensley and Gel Tech's President and Chief Executive Officer Robert Davidson, assigned Gel Tech the rights to and interests in Patent Number 6,080,783, entitled "Method and Composition for Delivering Zinc to the Nasal Membrane" ("the Assignment"). The Assignment states that it was executed in California, where Davidson and Hensley resided and where Zensano was located. The plaintiffs offered no evidence that the Assignment in any way involved a contact with Arizona except for Gel Tech's status as an Arizona LLC. *See Williams,* 199 Ariz. at 4–5 n. 2 ¶ 13, 13 P.3d at 283–84 n. 2. While they argue that the methodology for Zicam is based on the process contained in Patent 6,080,783, they have not directed us to, and we have not found in the record, any evidence that Zicam's methodology is indeed based on that patented process. Their unsupported allegation does not constitute prima facie evidence sufficient for personal jurisdiction.

### 5. $4 Million Advertising Payment

██ ¶ 18 The plaintiffs claim that the defendants financed Gel Tech's advertising of Zicam in Arizona.[5] To support this allegation, they rely on a statement in the Minutes

---

5. Advertising alone is usually not sufficient to support the imposition of strict products liability. *But see Torres v. Goodyear Tire & Rubber Co.,* 163 Ariz. 88, 92, 786 P.2d 939, 943 (1990) (noting the "essence of production" test that might permit liability).

of a Special Meeting of the Board of Directors of Zengen about a report from a board member that "$4 [million] was spent on the Gel Tech advertising."[6] If we may infer from this document that Zengen financed Gel Tech advertising, there nonetheless is no evidence either that this money was spent to advertise Zicam, the product at issue, or, if it were, whether the advertising was in Arizona.[7] Therefore, the plaintiffs have not provided prima facie evidence of a contact with Arizona giving rise to their claims.

### 6. International Distribution Agreement

 ¶ 19 The plaintiffs contend that the defendants distributed Zicam internationally, citing a document entitled "Zensano, Inc. Introduction To International Distribution" as well as an International Distribution Agreement between Zengen and Gel Tech. Even if this evidence were sufficient to establish that Zengen or Zensano actually distributed Zicam internationally, *see discussion supra*, it would not establish a contact with Arizona giving rise to the plaintiffs' claims, *see Williams*, 199 Ariz. at 4–5 n. 2 ¶ 13, 13 P.3d at 283–84 n. 2, and, therefore, does not support Arizona's exercise of personal jurisdiction.

### CONCLUSION

¶ 20 The plaintiffs did not establish a prima facie case for personal jurisdiction. *MacPherson*, 158 Ariz. at 311–12, 762 P.2d at 598–99. The superior court therefore did not err in granting the defendants' motion to

6. The full paragraph is as follows: "Fundraising to date—the Board asked about the 2 rounds of financing to date and [board member Johnson] Liu identified round 1 as $4.5M at $1.00/share and round 2 as $7.25M at $2.50/share. Of this, he indicated $4M was spent on the Gel Tech advertising, $2M on the Gel Tech acquisition, $1.7M was stolen by the past CFO, $3M was GAO associated expense to date and $700,000 had been spent in toto on attorneys fees; the monthly burn rate is near $200,000.00."

7. For example, the Introduction to the International Distribution Agreement states that Gel Tech's "principle [sic] asset is the homeopathic cold remedy Zicam." Also, the memorandum from the Zengen corporate secretary requesting

dismiss the complaints with prejudice. The judgment is affirmed.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.

that the Zengen Board of Directors consent to a $600,000 loan to Gel Tech states that Gel Tech "produces the Zicam product line" and noted that the proposed loan would be in support of the "Zicam cold product." Certainly neither Davidson's deposition testimony that Gel Tech advertised Zicam regionally nor his response that "I'm sure we had advertisements nationally" when asked whether Zicam was advertised in Arizona was sufficient to establish a prima facie showing that any advertising of Zicam funded by the defendants reached Arizona. Moreover, his complete testimony is not in the record, and the plaintiffs do not cite this testimony in support of their argument that Zengen spent this money on advertising Zicam.