NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ARAB AMERICAN FESTIVAL, *Plaintiff/Appellant*,

*v.*

EMMA SARKIS, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0088
FILED 10-24-2019

Appeal from the Superior Court in Maricopa County
No. CV 2016-015297
The Honorable Joseph C. Welty, Judge
The Honorable Kerstin G. LeMaire

**AFFIRMED**

COUNSEL

Christopher D. Graham, PLLC, Chandler
By Christopher D. Graham
*Counsel for Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1         Arab American Festival ("AAF") appeals from the superior court's judgment dismissing its complaint against Saba Mahmood and Safa Srour (collectively, "defendants") for lack of personal jurisdiction. "[I]f a defendant purposefully directs its activities at a particular forum, and the effects of its activities are reasonably foreseeable, jurisdiction is proper because the defendant can reasonably anticipate being called to account for its own actions." *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 273, (1987). In this case, the defendants did not purposefully direct any activities toward Arizona, and we therefore affirm the dismissal for lack of personal jurisdiction.

**BACKGROUND**

¶2         For more than ten years, AAF has operated as a nonprofit corporation headquartered in Arizona. As part of its fundraising efforts, AAF annually produces the "Miss Arab USA Pageant" ("pageant").

¶3         In 2016, the defendants registered as pageant contestants. As a condition of their participation, the defendants each signed a "Pageant Contract" ("Contract"), which expressly prohibited them from "damag[ing] the reputation or the integrity" of the pageant organization.

¶4         At some point after the pageant, Mahmood allegedly published online statements questioning the legitimacy and non-profit status of the pageant. Srour, in turn, allegedly failed to remit $1,460 in donations she raised on behalf of the pageant.

¶5         Seeking to enjoin the defendants from publishing negative statements and recover damages, AAF filed a complaint against Mahmood and Srour alleging claims of breach of contract, defamation, and declaratory relief. In response, Mahmood and Srour separately moved to dismiss AAF's complaint for lack of jurisdiction.

**¶6**        After oral argument on the motions, the superior court entered an under-advisement ruling dismissing the complaint, concluding the court lacked personal jurisdiction over the defendants. AAF timely appealed.

## DISCUSSION

**¶7**        Asserting Arizona has personal jurisdiction over the defendants, AAF contends the superior court erroneously dismissed the complaint. We review de novo a dismissal for lack of personal jurisdiction. *Hoag v. French*, 238 Ariz. 118, 122, ¶ 17 (App. 2015).

**¶8**        When defendants move to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *In re Consol. Zicam Prod. Liab. Cases*, 212 Ariz. 85, 89, ¶ 7 (App. 2006). To meet this burden, the plaintiff may not "rest on the bare allegations" of the complaint, but must "come forward with facts supporting personal jurisdiction." *Id.*; *see also A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569 (1995).

**¶9**        Under Arizona Rule of Civil Procedure 4.2(a), Arizona courts may exercise personal jurisdiction to the maximum extent allowed by the United States Constitution. While a state may exercise jurisdiction over its own citizens without constraint, the "Due Process Clause of the Fourteenth Amendment limits the exercise of personal jurisdiction by state courts over non-resident defendants." *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 266, ¶ 14 (2011) (citing *Pennoyer v. Neff*, 95 U.S. 714, 723–24 (1877)). Indeed, a "state court may exercise personal jurisdiction over a non-resident defendant only if that defendant has sufficient contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Hoag*, 238 Ariz. at 122, ¶ 18 (internal quotations omitted).

**¶10**        Arizona courts may exercise either general or specific personal jurisdiction over non-resident defendants. *Hoag*, 238 Ariz. at 122, ¶ 19. If a non-resident defendant's contacts with the state are substantial, continuous and pervasive, Arizona may exercise general jurisdiction—"jurisdiction over a cause of action regardless of the relationship of its subject matter to the forum." *Planning Group*, 226 Ariz. 262, 265, ¶ 13 (2011). In this case, AAF does not contend that Arizona has general jurisdiction over the defendants, and nothing in the record suggests that either non-resident defendant has had substantial or pervasive contact with the State.

¶11 If a non-resident defendant's contacts with a state are less than continuous and pervasive, but nonetheless "sufficient" with respect to a certain claim, a state may exercise specific jurisdiction with respect to that claim. *Planning Group,* 226 Ariz. at 265, ¶ 13. Under this sufficient or "minimum contacts" test, a "defendant need not ever have been physically present in the forum state." *Id.* at 266, ¶ 14. "Rather, the question is whether the defendant's contacts with the forum, physical or otherwise, make it reasonable in the context of our federal system of government to require the [defendant] to defend the particular suit which is brought there." *Id.* (internal quotation omitted).

¶12 Applying a "holistic approach," we consider all the contacts between non-resident defendants and Arizona to determine whether the non-resident defendants engaged in purposeful conduct for which they "could reasonably expect to be haled" into Arizona's courts. *Id.* at 268, ¶ 25. Under this standard, casual or accidental contacts by a defendant with the forum state "cannot sustain the exercise of specific jurisdiction." *Id.* at 266, ¶ 16. "Nor can the requisite contacts be established through the unilateral activities of the plaintiff; they must instead arise from the defendant's 'purposeful' conduct." *Id.*

¶13 Asserting the defendants "voluntarily reached" into the State by registering as pageant contestants, entering the Contract, and engaging in pageant-related fundraising, AAF contends Mahmood and Srour are subject to Arizona jurisdiction. Specifically, AAF maintains that both women: (1) registered for the pageant on a website that identified AAF as the pageant organizer and stated that its headquarters are in Arizona; (2) received four emails regarding the pageant that contained AAF's Arizona address; (3) received PayPal receipts (after paying their registration fees) that contained AAF's Arizona address; (4) received a contestant handbook that identified AAF as the pageant organizer and instructed that all donations be mailed to an Arizona address; and (5) signed a "Release and Waiver of Liability and Indemnity Agreement" that stated it "is intended to be as broad and inclusive as permitted by the laws of the State of Arizona."

¶14 As support for its contentions, AAF relies on the supreme court's most recent explication of personal jurisdiction, *Planning Group*. In that case, the defendants "directed a series of telephone calls, e-mails, faxes, and letters to the Arizona plaintiffs, seeking to persuade the plaintiffs to invest in [the defendants'] venture." 226 Ariz. at 168, ¶ 26. After the superior court dismissed the plaintiffs' complaint for lack of jurisdiction and this court affirmed, the supreme court reversed, concluding that the

defendants "purposeful[ly] direct[ed]" communications to the plaintiffs provided sufficient contacts "to support the exercise of personal jurisdiction in Arizona." *Id*. at 265, 269–70, ¶¶ 10–11, 31, 36.

**¶15** Unlike the overt solicitations at issue in *Planning Group*, here, the defendants did not direct their activities toward Arizona. Instead, they registered for the pageant online, paid the associated fees through an intermediary, and passively "received" a series of emails and a handbook for a pageant that would be held in Pennsylvania. Therefore, *Planning Group* fails to provide any support for the exercise of jurisdiction in this instance.

**¶16** Moreover, contrary to AAF's contention, the Contract does not provide a basis for subjecting the defendants to jurisdiction in Arizona. While AAF does not dispute that the defendants signed the Contract in Pennsylvania during "pageant week," not in Arizona, it asserts the defendants signed an indemnity agreement that contained an Arizona choice of law provision. That purported document is not part of the appellate record, however, and the Contract does not contain such a provision.

**¶17** On this record, there is no basis to find that the defendants purposefully directed any activity to the State. Therefore, AAF has failed to meet its burden of establishing a prima facie case for Arizona jurisdiction, and the superior court did not err by dismissing the complaint.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm. Because AAF has not prevailed on appeal, we deny its request for an award of attorney fees.



AMY M. WOOD • Clerk of the Court
FILED: AA