NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARK MCCORMICK, *Plaintiff/Appellant,*

*v.*

THE MULTISTATE LOTTERY, et al., *Defendants/Appellees.*

No. 1 CA-CV 23-0497
FILED 3-26-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-053274
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Mark McCormick, Phoenix
*Plaintiff/Appellant*

Dorsey & Whitney LLP, Phoenix
By W. Scott Jenkins, Jr., Brittany Gilbertson, & Madison Burr
*Counsel for Defendant/Appellee Multi-State Lottery Association*

Burch & Cracchiolo PA, Phoenix
By Juliana Lauria
*Counsel for Defendant/Appellee QuikTrip*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Mark McCormick appeals the superior court's judgment dismissing all claims against the Multistate Lottery ("Lottery") and QuikTrip with prejudice. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　McCormick filed a complaint seeking damages exceeding $6 billion from Lottery, QuikTrip, and the Arizona Lottery. He alleged the defendants unlawfully tracked him to monitor his lottery ticket purchases so they would know in advance from which retailers he would buy tickets to prevent him from winning the lottery.

**¶3**　　　　McCormick alleged the Arizona Lottery and Lottery conducted a Powerball drawing on April 9, 2022, but forged the game by placing McCormick's "winning ticket" in the computer as a "losing ticket," preventing his win via a jackpot rollover. He also alleged that QuikTrip agreed in advance to be the designated "rigging house" for a preplanned drawing on April 27, 2022, in which a "nonexistent fictitious married Gilbert couple" won. McCormick alleged the defendants agreed in advance to lie to the public and then fraudulently reported that the Gilbert couple came forward and claimed the $473.1 million jackpot. McCormick also alleged wrongdoing against the Arizona Lottery, asserting that it fraudulently announced unclaimed and expired tickets for a $1 million prize for a March 5, 2022 Powerball drawing and a $3.9 million prize for an April 27, 2022 Quick Pick drawing. McCormick pled conversion, consumer fraud, forgery, and intentional infliction of emotional distress.

**¶4**　　　　The superior court dismissed with prejudice the claims against the Arizona Lottery based on McCormick's failure to comply with A.R.S. § 12-821.01.

**¶5**　　　　The superior court also found McCormick failed to state a claim against QuikTrip on all four claims. The court determined McCormick failed to state a claim for conversion and consumer fraud

because he failed to allege he bought tickets that could have been converted or considered "merchandise" that would subject the defendants to liability under the Arizona Consumer Fraud Act, *see* A.R.S. §§ 44-1521 to 44-1534. The court determined that McCormick cited no authority for a private civil case based on forgery and that the complaint failed to meet the heightened pleading requirements of Arizona Rule of Civil Procedure ("Rule") 9(b) to support a private cause of action for common law fraud, which might encompass forgery. The court concluded the complaint failed to allege the elements necessary to establish a claim for intentional infliction of emotional distress. Despite these failures, the court was inclined to allow McCormick to amend his complaint.

¶6          McCormick moved for leave to amend and submitted a proposed amended complaint. Upon review of the amended complaint, the court again found that McCormick failed to state a claim against QuikTrip. Although McCormick's proposed amended complaint alleged the purchase of lottery tickets, the court found he "[did] not and cannot allege [the] lottery tickets were converted because he has no possessory right to the funds." *See Autoville, Inc. v. Friedman*, 20 Ariz. App. 89, 91-93 (1973). The court also found McCormick failed to adequately allege any misrepresentations, concealment, or omissions to support the fraud and forgery claims. Finally, the court again concluded the complaint failed to allege extreme and outrageous acts sufficient to state a claim for intentional infliction of emotional distress. Thus, the court denied McCormick's motion for leave to file an amended complaint and denied him leave to file a second motion for leave to file an amended complaint.

¶7          After reviewing Lottery's motion to dismiss for lack of personal jurisdiction with a supporting affidavit written by Lottery's deputy executive director, the superior court dismissed all claims against Lottery. The affidavit noted that Lottery, which developed the Powerball game, is an unincorporated Iowa non-profit association that does not have any offices, employees, or agents for service of process in Arizona, nor does it sell lottery tickets or conduct any other business in the state.

¶8          The superior court entered final judgments under Rule 54(c). McCormick appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION[1]

### A. This Court Lacks Jurisdiction to Consider the Judgment for the Arizona Lottery.

¶9      McCormick raises the constitutionality of A.R.S. § 12-821.01. Any argument about the statute is necessarily directed to the Arizona Lottery, whose judgment McCormick did not appeal. Thus, this court lacks jurisdiction over the issues. *See* ARCAP 9(a); *In re Marriage of Thorn*, 235 Ariz. 216, 218, ¶ 5 (App. 2014).

### B. The Superior Court Correctly Granted QuikTrip's Motion to Dismiss.

¶10      We review the dismissal of a complaint for the failure to state a claim *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶¶ 1, 7 (2012). On appeal, McCormick argues that legal arguments made by attorneys in motion practice are insufficient to grant a motion to dismiss.

¶11      In response to QuikTrip's motion to dismiss, McCormick stated the correct standard that a claim must be dismissed when a plaintiff is not entitled to relief under any interpretation of the facts. *See Coleman*, 230 Ariz. at 356, ¶ 8. Still, he developed no substantive argument that his allegations correctly set forth a claim, even if true. Instead, he argued that he should be permitted the opportunity to conduct discovery and gather additional evidence to support his claims. His argument shows he misunderstands the nature of a complaint as a vehicle to permit a plaintiff to move forward and attempt to prove his case. *See id.* at 363, ¶ 46 (The question presented by a motion to dismiss for failure to state a claim is whether the facts as alleged in a complaint are enough to "warrant allowing the [plaintiff] to attempt to prove [its] case.").

¶12      We have reviewed the complaint allegations and determined that McCormick's complaint failed to state a claim. The court did not abuse its discretion by denying McCormick's motion for leave to file an amended complaint based on futility grounds. *See MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996).

---

[1]      We deny QuikTrip's request to dismiss McCormick's appeal for failure to comply with ARCAP 13. Although McCormick's briefs are deficient and his arguments difficult to discern, we address them as best we can.

**C.    The Superior Court Correctly Dismissed Lottery for Lack of Personal Jurisdiction.**

**¶13**        McCormick challenges the superior court's dismissal of Lottery for lack of personal jurisdiction. We review a dismissal based on a lack of personal jurisdiction *de novo. Bohreer v. Erie Ins. Exch.*, 216 Ariz. 208, 211, ¶ 7 (App. 2007).

**¶14**        In its ruling dismissing the claims against Lottery for lack of personal jurisdiction, the superior court considered the affidavit attached to Lottery's motion to dismiss written by the deputy executive director declaring Lottery's lack of contacts in Arizona. As much as McCormick argues the court improperly considered matters outside the pleadings when deciding Lottery's motion to dismiss for lack of personal jurisdiction, McCormick failed to raise this issue in his response and thus waived it. *See ADP, LLC v. Ariz. Dep't of Revenue*, 254 Ariz. 417, 425, ¶ 25 (App. 2023). Moreover, the court may consider documents outside the complaint in its ruling. *See Bohreer*, 216 Ariz. at 210, ¶ 1, n.1 (Appellate review "is not altered by the parties having filed documents outside of the complaint and the superior court having appeared to consider those documents in its ruling."); *MacPherson v. Taglione*, 158 Ariz. 309, 312 (App. 1988) (The superior court's review of affidavits and pleadings in analyzing personal jurisdiction issues is permitted.).

**¶15**        McCormick argues the superior court can exercise general or specific jurisdiction over Lottery. He concludes Lottery committed acts purposefully directed[2] at Arizona with intent to cause harm. He argues Lottery has "quality contacts consistently in Arizona" and cites Lottery's weekly receipt of a portion of member ticket sales to fund game prize pools.

**¶16**        A non-resident defendant is subject to general jurisdiction when its contacts with the forum state are sufficiently "continuous and systematic" such that it may be haled into the forum court even for claims

---

[2]        McCormick argues in his reply brief that the superior court erred by using the "purposeful availment" test instead of the "purposeful direction" test, a difference with no distinction for purposes of this appeal. *See Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, 266-68, ¶¶ 18-25 (2011) (The court rejected the distinction between the two tests as applied to contract or tort claims and focused the specific-jurisdiction inquiry on "purposeful conduct" directed toward the state.).

unrelated to its contacts in the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). The activities McCormick relies on do not amount to sufficient contacts for the superior court to assert general jurisdiction over Lottery. *See id.* at 418 ("[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion" of general jurisdiction.); *Rollin v. William V. Frankel & Co.*, 196 Ariz. 350, 352-53, ¶¶ 9-12 (App. 2000) (There was no general jurisdiction over a non-resident defendant who conducted $14 million in trades with broker-dealers in Arizona.).

¶17 And nothing in Lottery's affidavit supports the exercise of specific jurisdiction. Any contacts cited have no nexus with McCormick's causes of action. *See Shaffer v. Heitner*, 433 U.S. 186, 204 (1977) (The specific jurisdiction inquiry focuses on the "relationship among the defendant, the forum, and the litigation."); *Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, 266, ¶ 16 (2011) (Contacts "not directly related to the asserted cause of action, cannot sustain the exercise of specific jurisdiction."). The only contacts that could support the exercise of specific jurisdiction are the alleged wrongful acts, for which McCormick has provided no supporting evidence. McCormick's conclusory allegations of Lottery's misconduct cannot support the exercise of specific jurisdiction. *See MacPherson*, 158 Ariz. at 311-12.

**D.     McCormick Failed to Allege Judicial Misconduct**.

¶18 McCormick requests we vacate the superior court's judgment because two judges were "removed" from the case, which McCormick argues is evidence of judicial fraud and abuse of the court's machinery. McCormick develops no argument about judicial misconduct or abuse in court proceedings. McCormick also argues the superior court should have summarily granted his motion for leave to file an amended complaint under Rule 7.1(b)(2) because the defendants failed to respond. He also argues the court's subsequent order permitting the defendants more time to respond violated his constitutional rights. But Rule 7.1(b)(2) is permissive, and the superior court appropriately denies leave to amend in futility cases. *See ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 292, ¶ 26 (App. 2010). McCormick develops no constitutional argument.

## CONCLUSION

**¶19** We affirm. We award costs to Lottery and QuikTrip upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA